**Samuel Elliott**
**Taylor Horvath**
800 Lonsway Ct
Antioch, TN 37013
Email: Sam.M.Elliott@gmail.com

Hunter Warfield
4620 Woodland Corporate Blvd
Tampa, FL 33614

12/27/2019

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

DEC 27 2019

_____
DEPUTY CLERK

03-19-1164

# UNITED STATES FEDERAL COURT
## MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Samuel Elliott, Pro Se.<br>Taylor Horvath, Pro Se<br><br>Plaintiffs<br><br>vs.<br><br>Hunter Warfield,<br><br>Defendant | Docket No: TBD<br><br><br>JURY TRIAL DEMANDED |

Samuel Elliott and Taylor Horvath, (hereinafter referred to as "*Plaintiffs*"), complains, states and alleges against Hunter Warfield (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. This action seeks to recovers for violations of the Fair Credit Reporting Act Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of North Carolina

## PARTIES

5. Plaintiffs are two individuals who are a citizens of the State of Tennessee residing in Davidson County, Tennessee.

6. Plaintiffs are a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Hunter Warfield, is a North Carolina Corporation with a principal place of business in Forsyth County, North Carolina.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS COMMON TO ALL CLAIMS

10. Defendant alleges Plaintiffs owes a debt ("The Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12.     Sometime after the incurrence of the alleged The Debt, Plaintiffs allegedly fell behind on payments owed.

13.     Thereafter, at an exact time known only to Defendant, The Debt was assigned or otherwise transferred to Defendant for collection.

14.     In its efforts to collect The Debt, Defendant reported negatively to Experian, Transunion and Equifax ("The Big Three") on or about July of 2018.

15.     Plaintiffs sent a letter ("The Letter") requesting validation of debt to Defendant on September 20, 2018 via USPS certified letter with tracking number 7013 3020 0000 3790 2832.

16.     The Letter was received on September 24, 11:18AM

18.     Defendant did not follow up with summary letter as required by 15 U.S. Code § 1692g(a). **Plaintiffs asks for $1,000 as allowed by law.**

19.     Defendant continues to report negative information to The Big Three without verifying the validity of The Debt for around 12 months as described by 15 U.S. Code § 1692g(b). Plaintiffs asks for $1,000 per each Credit Reporting Agency reported to. **Plaintiff asks for $3,000.** Plaintiff also requests the amount of time (1 year) of inaccurate and unfair reporting without Defendant doing their due diligence be taken into consideration. Each month Defendant reports negatively has a direct impact on Plaintiffs' reputation. **Plaintiffs requests $6,000 for damages.**

20. Defendant was continually reporting inaccurate information to the Big Three without correcting or updating their information as described by 15 U.S.C. § 1681s-2 for 12 months. **Plaintiff's request $36,000 for the Defendant's willful negligence of reporting inaccurate information.**

## JURY DEMAND

21. Plaintiffs hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Find that Defendant's actions violate the FDCPA; and

    b. Find the Defendant's actions violate the FCRA; and

    c. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    d. Grant Plaintiffs' costs; together with

    e. Such other relief that the Court determines is just and proper; and

    f. Grant $50,000 per plaintiff for willful disregard of Federal Law as well as reputation damage.

DATED: December 27, 2019

Samuel Elliott

Taylor Horvath